### Cyrus S. Clark *vs.* William H. Winslow & *al.*

Where the penal part of a bond, signed by six obligors, is joint in its terms, containing nothing indicating a several interest, or a several liability, and the condition recites the several agreement of each to secure a certain proportion of a specified sum of money by certain notes, to be further secured by a mortgage on a township, subject to a prior mortgage, and concludes by saying, "if we shall well and truly keep and perform our said several agreements, then this obligation is to be void as to each one so performing, otherwise to remain in full force; it is the joint bond of all the obligors.

THE six defendants made their writing under their hands and seals, dated *July* 21, 1835, to *Clark*, in the penal sum of twenty thousand dollars, saying, "to the which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents." A copy of the condition follows. "The condition of the above obligation is such, that whereas for a valuable consideration, we have severally agreed with and promised the said *Clark*, that within four months from *July* 17, 1835, we will well and truly pay him the sum of 17,077,50, in the proportions following, viz., the said *Winslow* and *Bugbee* one fourth each, and the said *Gardner, Cutter, Tinkham* and *Cahoon* one eighth each, in manner following, viz., by good notes for the above proportions, payable in four equal sums in one, two, three and four years from *July* 17, 1835, with interest annually, to be secured by mortgage on township (describing it) subject to a prior mortgage to *E. Craig, Jr.* and others. Now therefore if we shall well and truly keep and perform our said several agreements, then this obligation is to be void as to each one so performing, otherwise to remain in full force."

Neither of the obligors had performed any part of the conditions of the bond. The question submitted for the opinion of the Court by the parties was, whether the bond declared on is joint or several.

*Preble* and *S. W. Robinson* argued for the plaintiff, and cited 5 *Com. Dig. Oblig. F.*

*Rogers* and *Hobbs*, for the defendants, contended, that no particular words were necessary to make the bond joint or several, and that the question was to be determined by the intention of the par-

ties, to be sought in the whole instrument. By the terms of the instrument, if one of the parties performs on his part, he is to be forever discharged from any obligation whatever. But whether any one performs or not is immaterial in looking at the true construction of the instrument. The performance was to consist in doing several acts, and not joint ones, and one was to perform more than another. A release to one would not discharge the others. They examined and compared the different parts of the instrument, and insisted that the interest was several, and that the performance was to be several, and therefore that the instrument was to be considered as a several bond. They cited *Peckham* v. *North Par.* in *Haverhill*, 16 *Pick*. 274; *Eaton* v. *Smith*, 20 *Pick*. 150; 2 *Ev. Pothier on Con.* 53, 55, and cases there cited; 5 *Com. Dig. Title Oblig. F*; 1 *Saund.* 155, note 2.

The opinion of the Court was drawn up by

WESTON C. J. — The penal part of the bond in question, is joint in its terms; containing nothing indicating a several interest, or a several liability in the obligors. 5 *Com. Dig. Obligation, F.* The condition recites the several agreement of each to secure a certain proportion of a specified sum of money, by certain notes, to be further secured by mortgage on a certain township, subject to a prior mortgage.

Whether each had it in his power severally to execute a mortgage, which would create a lien upon the township, does not appear from the condition. Perhaps however, this may be deduced, for it is expressly provided, that if they shall well and truly keep and perform their said several agreements, then the obligation shall be void, as to each one so performing.

The meaning of this singular combination of joint and several terms, may be somewhat obscure; but we are of opinion, that the intention of the parties may be best promoted, by giving them a literal interpretation. "If we," that is all, perform, then the obligation of each, so performing, is to be void. The obligee did not intend to accept performance, as to a fractional part, unless all performed. There might be strong reasons of convenience, for insisting upon this condition. He had a right to look to the whole sum to be secured and the land to be mortgaged, as collateral thereto, and

to prescribe, that unless all performed, the obligation should remain in full force.

But it is distinctly provided, that the obligation shall remain in force, unless the condition is performed. It is agreed, that this has not been done, by all or either of the obligors. As the penal part is joint, we perceive nothing that can or ought to relieve them from a joint liability for damages. Unless this had been intended, it is not easy to account for their uniting in an instrument of this character. The condition settles the proportions, and determines what each was to do. If done, the obligee was bound to accept it. If not done, he holds their joint bond in full force, as security for the damages he may have sustained.